# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| AARON STUCKEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:14-CV-246-PRC |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Aaron Stuckey on July 16, 2014, and Plaintiff's Brief [DE 10], filed on November 4, 2014. The Commissioner filed a response on February 12, 2015. No reply has been filed, and the time to do so has passed.

## I. Background

Plaintiff filed applications with the Agency on September 27, 2012, for disability insurance benefits and supplemental security income, alleging that he had been disabled since July 11, 2012. The Agency denied these claims on January 3, 2013, and denied them again upon reconsideration on January 28, 2013. Plaintiff then sought a hearing before an Administrative Law Judge (ALJ), which took place on September 30, 2013. Plaintiff's main representative was Mario Davila, a non-attorney, but he was represented at the hearing by Davila's associate, Jill Kirshner. (It is unclear from the record whether Ms. Kirshner is an attorney.)

On December 17, 2013, ALJ Mario Silva issued a written decision denying Plaintiff's claims for disability benefits, making the following findings.

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2.    The claimant has not engaged in substantial gainful activity

since July 11, 2012, the alleged onset date.

3. The claimant has the following severe impairments: insulin-dependent diabetes mellitus, coronary artery disease, and hypertension.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that the claimant can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, and crouch, but never crawl. The claimant can frequently handle and finger with his right upper extremity. The claimant is limited to work that can be performed on even terrain and non-slippery surfaces. The claimant must avoid even moderate exposure to extreme heat and extreme cold. The claimant must avoid all exposure to hazards, including dangerous moving machinery and unprotected heights. The claimant must avoid work that requires driving as a function of the job.

6. The claimant is capable of performing past relevant work as a card dealer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 11, 2012, through the date of this decision.

(AR 23–30). Plaintiff then sought review before the Agency's Appeals Council, which denied his request on May 28, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. On July 16, 2014, Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734–35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d

664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Disability Standard

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from

doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity ("RFC"), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)–(v), 416.920(a)(4)(I)–(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R.

5

§ 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## IV. Analysis

The ALJ gave little weight to the medical opinion evidence before him, rejecting both the opinions of the state agency consulting physicians, who said that Plaintiff did *not* have a severe physical impairment, as well as the opinion of Plaintiff's treating doctor, Dr. Adolphys Anekwe, who said that Plaintiff *was* disabled. Plaintiff contends that this created an evidentiary deficit that the ALJ papered over with his own unsupported opinion. And, more fundamentally, he argues that the ALJ put himself in this position by first erroneously concluding that Dr. Anekwe's opinion was inconsistent with the record.

At first glance, this second point doesn't make much sense because, as the ALJ noted, a number of the limitations put forward in Dr. Anekwe's opinion were in fact unsupported by the rest of the record. For example, Dr. Anekwe opined that Plaintiff could not sit for more than three hours total during an eight-hour work day, but there were no complaints in the record of trouble sitting. Plaintiff doesn't address this or other apparent inconsistencies. Instead, he points out that Dr. Anekwe's opinion was based on his diagnoses of degenerative disc disease of the cervical spine, chronic small vessel disease of the brain secondary to ischemia in his brain, and transient ischemic attack secondary to accelerated hypertension.[1] Dr. Anekwe explained that these diagnoses were

---

[1] Ischemia is a "[l]ocal loss of blood supply due to mechanical obstruction (mainly arterial narrowing or disruption) of the blood vessel." *Stedman's Medical Dictionary* 1001 (28th ed. 2006). Transitory ischemic attacks, sometimes called mini-strokes, are caused by a blood clot blocking the blood supply to part of the brain. *Transient Ischemic Attack*, The Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/transient-ischemic-attack/basics/definition/con-20021291.

based on objective medical testing, specifically a CT scan and MRI of the brain as well as an MRI of the cervical spine and unspecified lab tests and hospital admissions.

But, as the Commissioner points out, there are no brain imaging records, no evidence of cervical complaints, and no relevant hospital records in the transcript. The Commissioner argues that this lack of evidence means that it was reasonable for the ALJ to give Dr. Anekwe's opinion little weight. There are two problems with this. First, this argument violates the *Chenery* doctrine because it defends the ALJ's decision on different grounds than those articulated by the ALJ. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012). Second, it raise the deeper and more troubling issue of whether the record was complete.

It is true that those seeking benefits bear the burden of proving their disability, but the ALJ hearing a case must nevertheless "develop a full and fair record." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citing *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991)); 20 C.F.R. § 416.912. But reviewing courts are deferential to the "reasoned judgment of the of the Commissioner on how much evidence to gather, even when the claimant lacks representation." *Id.*[2] In order to justify remand, the plaintiff must show that there was a significant omission—that is, an omission that was prejudicial. *Id.*

The missing evidence in this case was noted by the Commissioner, not by Plaintiff. And there is no reply to clarify things on this point. In other circumstances, this might justify deeming the issue waived. But the gap here is so significant that a finding that the ALJ failed to develop a full and fair record, and likewise did not adequately evaluate Dr. Anekwe's opinion, is warranted.

How could the ALJ evaluate whether that opinion, which went to the central issues in this

---

[2] As mentioned above, it is unclear whether Plaintiff's representative at the hearing, Jill Kirshner, is an attorney, though her deportment was what one would expect from a trained attorney.

case, was "well supported by medical findings and not inconsistent with other substantial evidence in the record" without including in that record the medical evidence relied on by Dr. Anekwe? *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)). Not only was the gap left unfilled, but there is no indication that the ALJ considered the fact that this evidence was missing. A more thorough treatment was in order, and the Court therefore remands this case so that the Agency can either track down the missing records or obtain an updated opinion from Dr. Anekwe, along with supporting objective medical evidence, in preparation for a new hearing.

On remand, the ALJ should also provide more specific support for his RFC decision. As Plaintiff notes, the ALJ gave little weight to all the relevant medical opinion evidence before him. In crafting the RFC analysis, the ALJ cited to Plaintiff's testimony and to medical records. But these records say little about the type of restrictions that would be warranted, and their significance was never explained. *Cf. Suide v. Astrue*, 371 F. App'x 684, 689–90 (7th Cir. 2010).

The Court also notes that it's unclear what the ALJ meant when he said that Dr. Anekwe's prior findings that Plaintiff's condition was stable and that Plaintiff was not compliant with medication were inconsistent with Dr. Anekwe's opinion statement. If this remains an issue on remand, it should be explained in greater detail and in compliance with the applicable legal standards.

Plaintiff also objects to the ALJ's decision to find him "not entirely credible." (AR 27). An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he is unable to work. *See Rucker v. Chater*, 92 F.3d 492, 496 (7th Cir. 1996). However, Ruling 96-7p provides that a claimant's statements regarding symptoms or the effect of symptoms on his ability to work "may not be disregarded solely because they are not

substantiated by objective evidence." SSR 96-7p, 1996 WL 374186, at *6 (Jul. 2, 1996). "Because the ALJ is 'in the best position to determine a witness's truthfulness and forthrightness . . . this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738.

Plaintiff notes that, in evaluating credibility, the ALJ summarized some of Plaintiff's testimony and some parts of the medical evidence, but he contends that the ALJ nevertheless "failed to specifically identify any reasons why [Plaintiff's] testimony was not credible." DE 10 at 13. Plaintiff argues there is no indication that the ALJ weighed his testimony with regard to the factors listed in 20 C.F.R. § 416.929(c)(3) and that the ALJ "failed to give a single cogent reason for finding" that the Plaintiff's testimony lacked credibility. DE 10 at 13. As far as the Court can tell, Plaintiff's sole argument is that the ALJ didn't explain himself enough.

This argument is unpersuasive. Plaintiff does not point to any specific portions of the record that the ALJ failed to consider. And far from leaving his conclusion "wholly unexplained," the ALJ included a lengthy discussion of Plaintiff's testimony as well as a number of medical records. *Id.* The analysis listed Plaintiff's activities of daily living as well as his symptoms and treatment, including his medications. It concluded that portions of Plaintiff's testimony were not supported by the medical records, that his reports to the doctors who had seen him were at points inconsistent with his alleged symptoms, and it suggested that Plaintiff was able to do a greater number of activities of daily living than one would expect from someone suffering to the extent Plaintiff has alleged. Contrary to Plaintiff's contention, the determination was sufficiently explained. Plaintiff has therefore failed to show that the credibility determination was "patently wrong."

## IV. Conclusion

For these reasons, the Court **GRANTS** the relief sought in Plaintiff's Brief [DE 10], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

SO ORDERED this 16th day of July, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT